# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed December 26, 1900.

## TOWNSEND, GRACE & CO.
## VS.
## JACOB EPSTEIN.

*Luther M. Reynolds* and *George R. Willis* for plaintiffs.

*William Pinkney Whyte, Isaac Lobe Straus* and *Louis E. Rosenbaum* for defendant.

STOCKBRIDGE, J.—

The defendant in this case is the lessee and occupant of certain premises on the north side of Baltimore street, which extend back to Garrett street or alley; he is also the owner of a lot on Fayette street, which extends back to said Garrett street, directly opposite to one of the lots occu-

pied by him as lessee. Being desirous of improving the lot on Fayette street so that it might be used in conjunction with the Baltimore street property, he applied to the Mayor and City Council of Baltimore for a franchise to permit him to connect the said two lots by a tunnel or passageway under the bed of Garrett street, and an inclosed superstructure or superstructures across and above the surface of said street, and the franchise was duly granted, by an ordinance approved June 30th, 1899. The plaintiffs are the owners of property on Fayette street which extends back to and abuts upon Garrett street to the east of the lot of the defendant, and upon their premises they are carrying on a manufacturing business. The defendant, acting upon the franchise embodied in the ordinance, began the erection of the superstructure spoken of in it, the "superstructure" being an inclosed bridge three-and-a-half or four stories in height and crossing Garrett street eighteen feet above the surface. The completion of this structure is sought to be enjoined, and the removal of the part already erected compelled, upon the ground that this superstructure is an interference with the light and air of the plaintiffs, to which as abutting owners upon a highway they are entitled.

The controverted facts in the case are few, and in the main relate to the diminution of the light of the plaintiffs resulting from the erection of the superstructure of the defendant.

Garrett street is one of the highways of the City of Baltimore, and as such is of course subject to the complete control of the Mayor and City Council, (Lake Roland E. R. W. Co. vs. M. & C. C., 77 Md. 354), but that control must be exercised in the direction of regulating its use by the public, not the destruction of that use. If the proposed superstructure is not such an one as is subversive of the use of Garrett street by the public as a highway, then it may be within the power of the Mayor and City Council to authorize such a construction, while if it be destructive of its use such a grant would be clearly in excess of the power or the municipality. What then is a highway? Primarily it was an easement for the passage of the community, whether in vehicles or on foot, a way over which all the people have a common and equal right. Engrafted upon

this primary use have been a number of others which are now accepted as not diverting a highway from its character as a public way; such are the laying of sewers, water pipes, gas pipes, electrical or pneumatic conduits beneath its surface; the laying of rails and operating of railways upon the surface, and the stringing of wires above the surface. But none of these subverts the use of the highway from its primary purpose, that for which it was originally laid out. From the evidence in this case it is perfectly clear, that however objectionable such a structure as that proposed to be erected by the defendant may be in other respects, it in no way interferes with the use of Garrett street as a highway in the general sense of that term, either by the general public or even by the plaintiffs. In this respect the present case differs entirely from the case of Van Witzen vs. Gutman, 79 Md. 409, relied on by the plaintiffs.

But it is further urged that since the effect of the construction of this bridge or passageway will be to diminish the air and light of the plaintiffs, to which they are entitled as abutting owners upon a highway, it will amount to the taking of public property for private use, and for that reason the grant of the franchise is in violation of the Constitution of the State and void. This aspect of the case seems fully covered by the language of McSherry, C. J., in Garrett vs. Lake Roland E. R. Co., 79 Md. 282, when he says: "an injury to and a taking of property are distinct things, every taking involves an injury of some kind, though every injury does not include a taking. Property is taken by an entry upon and appropriation of it, as in the ordinary case of location, it is injured by obstructing access." Under the rule thus laid down there has been clearly no taking. It is not pretended that the defendant has invaded the premises of the plaintiffs by even the smallest fraction of an inch. That which is complained of is a consequential injury resulting to the plaintiffs from the erection of the "superstructure" of the defendant, and for such consequential damage a private person or a quasi public corporation may be liable in damages to the individual injured, (Garrett vs. Lake Roland E. R. Co., supra), but that is the extent of the remedy in this State.

It is true that in some other States, notably New York and Illinois, a somewhat different rule prevails, but the law of this State is so well established that it would be without profit to review the decisions elsewhere. .

Neither has this Court anything to do with the wisdom or unwisdom of the grant of franchises such as that given to the defendant. They may be vicious in principle and pernicious in practice, but so long as the provisions of the municipal charter remain as at present, the grant was within the power of the municipal authorities, and however unwisely it may have been exercised, the Courts cannot interfere.

Several other considerations were submitted on behalf of the defendant, but entertaining the views already expressed it becomes unnecessary to discuss them. The bill will accordingly be dismissed with costs.